■ In the Matter of IsobeL G. MORGAN, Appellant, against HENRY VON OST MORGAN, Respondent.— Order, dated January 22, 1960, fixing the sum of $120 as the amount to be paid weekly to the judgment creditor on account of a judgment of $20,744.28, unanimously modified, on the law and on the facts, to direct payments, on account of the judgment, by judgment debtor of $250 a week; and, as so modified, affirmed, with $20 costs and disbursements to judgment-creditor-appellant. The judgment is in favor of a wife against a husband for amounts due under a separation agreement. In our opinion the record of judgment debtor's earnings over reasonably representative periods warrants the assumption that payment in the amount now directed, rather than $120 a week directed by Special Term, is a "proper" amount within section 793 of the Civil Practice Act, having due regard to judgment debtor's other obligations. A four-year period ending in 1959 shows an average annual income of $70,000, on a scale steadily increasing. We do not pass on the effect, if any, of an accruing concurrent obligation of the judgment debtor to pay the wife further sums under the separation agreement; and the modification here directed is without prejudice to an application by the husband to reduce the amount directed to be paid if the enforcement of payments under the separation agreement or by judicial direction in a matrimonial action should make payments under the order in this supplementary proceeding unduly burdensome. We assume that whatever orders shall hereafter be made will take into account the total obligations of the husband judgment debtor under the judgment and the separation agreement as well as those arising from the marital status. Settle order. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ BERTHA LIEBERMAN, Appellant, v. CORAL REEF CLUB, INC., et al., Respondents.— Order dated April 15, 1960 denying rule V of the New York County Supreme Court Trial Term Rules and rule 151 of the Rules of Civil Practice preferences unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant, and the motion for preference granted, with $10 costs. Plaintiff, age 73, alleges she was struck while walking on a sidewalk on June 22, 1958, by a motor vehicle owned by, or in control of, defendants, and suffered a cerebral concussion among other injuries. She has suffered two strokes since the accident, concerning which her physician swears to an opinion that they "are the direct consequence and result of and thus causally related to" the accident. In such circumstances, a rule V preference should be granted (*Hocherman* v. *I. & G. Service Corp.*, 5 A D 2d 813). Her physician also swears to a rapid deterioration of plaintiff's physical condition resulting from these causes which would lead to the granting of a preference under rule 151. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.